```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF MISSOURI
                        EASTERN DIVISION
```

TERRELL S. PATTERSON,            )
                                 )
            Petitioner,           )
                                 )
      vs.                        )     No. 4:02CV732-DJS
                                 )
DAVE DORMIRE,                    )
                                 )
            Respondent.           )

## ORDER

On April 27, 1999, a jury found petitioner Terrell Patterson guilty on charges of First Degree Assault (Count I), First Degree Murder (Count III), and two counts of Armed Criminal Action (Counts II and IV). Subsequently, the Circuit Court of Dunklin County, Missouri sentenced petitioner to life imprisonment without the possibility of parole on the murder charge and to life imprisonment on the other three charges, all to be served consecutively. On May 20, 2002, petitioner filed his petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) for recommended disposition. The Report and Recommendation ("R&R") issued on June 6, 2005 recommended that petitioner's habeas petition be denied. Petitioner has now filed his objections to the R&R. The Court, pursuant to 28 U.S.C. §636(b), reviews de novo those portions of the R&R to which

objections are made.  The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. §636(b).

On the morning of August 5, 1998, petitioner shot and injured Arthur Duncan and then shot and killed his wife Joyce Patterson, after petitioner became suspicious that the two were having an affair.  When police arrested petitioner the next morning, he confessed to the shootings and asked if the victims were dead.  At trial, the jury was instructed on each of the four charges against petitioner.  With regard to Count III, the jury was instructed on first-degree murder (Instruction No. 11) and on the lesser included offense of second-degree murder (Instruction No. 13).  The jury was also instructed on the corresponding charge of armed criminal action.  After deliberating for less than two hours, the jury returned four verdict forms.  The trial court and counsel for the parties examined the forms and noted that the forms on Counts I and II, convicting petitioner of first-degree assault and armed criminal action, were consistent and acceptable.

With regard to the verdict form for Count III, the trial court found that the jury had found petitioner guilty of second-degree murder and had assessed punishment at life imprisonment. All parties agreed that this was a permissible verdict.  However, on the verdict form for the corresponding armed criminal action charge, the jury had completed the form referencing Instruction No. 11, the first-degree murder instruction.  The form instructed the

jury that "[u]nless you have found the defendant guilty of murder in the first degree as submitted in Instruction No. 11, you may not complete this verdict finding the defendant guilty of armed criminal action." Resp. Ex. A, Doc. #10, at p. 76. Recognizing the inconsistency, the trial court instructed the jurors to "please return to your room again and consider Count IV and carefully read the instructions contained on the verdict forms upon the forms relating to Count IV." Resp. Ex. B-II, Doc. #10, at p. 328.

When the jury returned the verdict forms approximately 15 minutes later, the trial court announced:

> The jury has now again returned its packet of instructions and verdict forms, and the Court now finds that the verdict form completed upon Count IV is in a proper order. The first time the jury sent the packet of instructions out, it had signed a verdict form indicating that it found the Defendant guilty of second degree murder. It has now erased that signature and signed the first degree murder verdict form indicating that it finds the Defendant guilty of first degree murder.

Id. at 329. The trial court denied defense counsel's request to accept the second-degree murder verdict rather than the first-degree murder verdict. The trial court also denied defense counsel's alternative motion for a mistrial. The jury was polled and each member confirmed the verdicts. The trial court accepted the verdicts and discharged the jury.

In his objections to the R&R, petitioner challenges the magistrates judge's recommendations on whether the trial court erred in asking the jury to return to deliberations after the jury initially returned an inconsistent verdict with regard to Count IV.

3

Petitioner previously raised this claim in his state court post-conviction proceedings, and the Missouri courts adjudicated the claim on the merits. Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a habeas petition may not be granted unless the state court's determination was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. §2254(d).

A state court's decision is contrary to clearly established Federal law "if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases . . . [or] if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [Supreme Court] precedent." Williams v. Taylor, 529 U.S. 362, 405-06 (2000). "Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. at 413. Therefore, habeas relief cannot be granted just because a federal court concludes that the state court erred in its application of federal law. Linehan v. Milczark, 315 F.3d 920, 925 (8th Cir. 2003). Rather, the test is whether the application was "objectively unreasonable." Locker v. Andrade, 538 U.S. 63, 76 (2003). In other words, a federal court

4

"may not grant a writ of habeas corpus unless the relevant state court decision is *both* wrong *and* unreasonable." Colvin v. Taylor, 324 F.3d 583, 587 (8th Cir. 2003) (emphasis in original). Therefore, petitioner's claim which was denied in state court proceedings will be reviewed under the objectively unreasonable standard.

Petitioner argues that the trial court's failure to accept the second-degree murder verdict and its subsequent acceptance of the first-degree murder verdict placed him in double jeopardy. The Double Jeopardy Clause of the Fifth Amendment provides: "nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb." U.S. CONST. amend. V. "The constitutional protection against double jeopardy unequivocally prohibits a second trial following an acquittal." Arizona v. Washington, 434 U.S. 497, 503 (1978). However, a "trial court may ask a jury to correct its verdict without violating" a defendant's Fifth Amendment rights. Lashley v. Armontrout, 957 F.2d 1495, 1498 (8th Cir. 1992), *rev'd on other grounds by* Delo v. Lashley, 507 U.S. 272 (1993).

Under Missouri law, "when a jury returns a verdict in improper form, it is the *duty* of the trial court to refuse to accept the same and require further deliberations until a verdict in proper form is returned." State v. Lashley, 667 S.W.2d 712, 715 (Mo. 1984). Here, the trial court refused to accept the verdict

forms that were in improper form and asked the jury to continue deliberations, focusing the jury's attention on Count IV, the armed criminal action count. As the trial court did not accept the verdict forms which included the second-degree murder conviction, the verdicts were not final for purposes of double jeopardy. U.S. v. Hiland, 909 F.2d 1114, 1138 (8th Cir. 1990) ("If not accepted by the trial court, a verdict is not final for purposes of double jeopardy.") See also State v. Lashley, 667 S.W.2d at 715 ("[T]he return of a verdict in improper form and the refusal by the trial court to accept it is not a situation which places a defendant in double jeopardy.") The only final verdict included a conviction of first-degree murder. Therefore, petitioner's constitutional rights were not violated by the trial court's careful adherence to Missouri law. Lashley v. Armontrout, 957 F.2d at 1498; see also United States v. Mears, 614 F.2d 1175, 1179 (8th Cir. 1980) (allowing a jury to remedy an announced verdict of not guilty to a verdict of guilty).

As the state court's similar determination was not contrary to or an unreasonable application of clearly established Federal law, petitioner is not entitled to habeas relief. Petitioner's objection to the Report and Recommendation will therefore be overruled and the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2254 will be denied. Furthermore, in order to grant a certificate of appealability, the Court must find

that "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997). As petitioner has not made a substantial showing of the denial of a constitutional right, the motion for certificate of appealability will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's objection to the Report and Recommendation of the United States Magistrate Judge [Doc. #26] is overruled.

**IT IS FURTHER ORDERED** that the Magistrate Judge's Report and Recommendation [Doc. #19] is accepted and adopted.

**IT IS FURTHER ORDERED** that petitioner's motion for certificate of appealability [Doc. #22] is denied.

Dated this 16th day of August, 2005.

/s/ Donald J. Stohr
UNITED STATES DISTRICT JUDGE